# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5305 | **DATE** | August 25, 2010 |
| **CASE TITLE** | Antonio Kendrick (R-51546) vs. AstraZeneca Pharmaceuticals | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $20.50 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall: (1) issue summons to Defendant, (2) attach a Magistrate Judge Consent Form to the summonses for Defendant, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for service of summons [4] is granted. Plaintiff's motion for a court order for law library visitation [4] is denied. However, the Court requests that correctional officials grant Plaintiff reasonable access to the prison's law library. The Clerk is directed to mail a copy of this order to the warden at Stateville Correctional Center.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, Antonio Kendrick, an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $20.50. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of Plaintiff's complaint.

Plaintiff alleges that beginning in April of 2004, he was prescribed Crestor to treat his high cholesterol while he was detained at the DuPage County Jail. Plaintiff continued taking Crestor until April 6, 2006, when he left the DuPage County Jail. While taking Crestor, Plaintiff began having chronic arthritis/joint pains throughout his body. Plaintiff investigated the side effects of Crestor and nowhere did it disclose that the drug could cause a permanent disability (arthritis). Defendant allegedly failed to properly identify the side effects of Crestor in its packaging and advertisements and failed to properly inform the physicians of such side effects so that they could inform their patients of said side effects. Plaintiff continues to suffer from severe joint pain due to the Crestor. In his attached declaration, Plaintiff alleges that he did not learn that his medical issues arose from Crestor until December of 2009. Plaintiff brings negligence and strict liability claims against the drug manufacturer. The Defendant must respond to the complaint. *See Peters v. AstraZeneca LP*, 224 Fed. Appx. 503 (7th Cir. 2007).

| STATEMENT |
|---|
|     The United States Marshals Service is appointed to serve the Defendant.  Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendant with process.  The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant.  The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(1) before attempting personal service.<br>    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must include the original and a judge's copy of all filings.  In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants.  Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing.  Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a).  Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.<br>    Plaintiff's motion for a court order to provide Plaintiff specific law library time is denied.  an inmate's right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries.  *See, e.g., Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995).  That right is limited to access to a law library sufficient to enable a plaintiff to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit.  *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995).  The Court is reluctant to interfere with the day-to-day operation of the jail and the manner in which law library requests are managed.  Accordingly, his motion for court-ordered access to the law library is denied.<br>    The Court nevertheless certifies that the above-captioned civil rights action is pending and requests that correctional officials grant Plaintiff reasonable access to the prison's law library during the pendency of this case.  Correctional officials may determine the manner that best accommodates Plaintiff's needs, balanced by penological considerations of safety, security, and orderly administration. |